ANN MARIE MINIHAN, Petitioner, and JOHN J. MINIHAN, JR., Intervenor, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Minihan v. Comm'r
Docket No. 26595-09
United States Tax Court
2012 U.S. Tax Ct. LEXIS 7; February 17, 2012, Decided
Minihan v. Commissioner, 138 T.C. 1, 2012 U.S. Tax Ct. LEXIS 1 (Jan. 11, 2012)
*7 For Petitioner: Roger M. Ritt, Wilmer, Cutler, Pickering & Etc., Boston, MA.
For Respondent: Molly H. Donohue, Boston, MA.
David Gustafson, Judge.
David Gustafson
ORDER
Before the Court is a motion for reconsideration filed February 8, 2012, by respondent. The motion will be granted to the extent ordered here.
On January 11, 2012, the Court issued its opinion in this case (138 T.C. No. 1) and its accompanying order, denying respondent's motion for summary judgment, deciding one issue on the basis of the partial trial held in March 2011, and directing that the remaining issues will be the subject of trial in April 2012. The opinion held that Ms. Minihan had a 50-percent interest in the account from which money was levied by the Internal Revenue Service (IRS), and that her interest could survive a levy. We do not now reconsider that holding.
However, the factual portion of the opinion stated that Ms. Minihan did not know that the taxes for 2002 through 2006 were unpaid as the returns were filed and first learned of the delinquencies "after the Minihans' financial situation deteriorated in 2007"; and the order stated that, for purposes of Rule 121(c), there is no substantial controversy regarding *8 most of the facts in the opinion, implicitly including Ms. Minihan's lack of knowledge. On February 8, 2012, the Commissioner filed his motion requesting reconsideration both as to Ms. Minihan's knowledge and as to her 50-percent ownership of the money actually levied by the IRS (while evidently not disputing her 50 percent ownership of the account). The Court originally ordered Ms. Minihan to file a response; but after conducting a telephone conference call with all the parties, the Court believes it can act on the motion without further written input from the parties.
As to Ms. Minihan's knowledge of the tax delinquencies before 2007: The facts of Ms. Minihan's knowledge (or ignorance) of the unpaid taxes are facts relevant to her entitlement to relief under section 6015(f) that were properly assumed arguendo in Ms. Minihan's favor for purposes of the Commissioner's motion for summary judgment (which was denied as moot) and for purposes of resolving the question that was the subject of trial. The Court spoke too broadly when it included those facts among those as to which there was no substantial controversy. Rather, Ms. Minihan's knowledge or ignorance of the unpaid liabilities will *9 be a subject of the upcoming trial. We will therefore revise the opinion to avoid seeming to find facts about her knowledge.
As to the extent of Ms. Minihan's ownership of the levied funds: In his motion for summary judgment, the Commissioner contended that (1) as co-owner of a joint account, Mr. Minihan had a unilateral right to withdraw from the joint account, (2) the levy was therefore a permissible collection of Mr. Minihan's income tax liabilities, and as a result, (3) Ms. Minihan cannot be entitled to a refund. We rejected that contention and held that a co-owner's interest survives a levy and may allow her to obtain a refund. The Commissioner now contends that, even if Ms. Minihan was a 50 percent owner of the account, she cannot be entitled to a refund to the extent that Mr. Minihan's share of the joint account was sufficient to cover the levies, since to that extent the levies were paid (the IRS contends) from his share of the funds, not hers. This current contention (the merits of which we have not considered) is somewhat different from the Commissioner's initial position. We did not anticipate this contention, and we did not intend in our opinion to foreclose it, though several *10 sentences in the opinion would seem to do so. We will therefore revise the opinion to make it clear that this issue is unresolved and will be a subject for trial.
However, we note that if Mr. and Ms. Minihan's separate interests in the account are calculated in the manner that the Commissioner suggests, there are two possibilities that the Commissioner's motion overlooks, which may be the subject of proof at trial:
First, looking to Exhibit 163 (but correcting it for an apparent failure to account for some $8,900 of additional deposits into or interest accrued on the account), it appears to the Court that Mr. and Ms. Minihan did not each own 50 percent at the time of the February 23 levy. Rather, the withdrawals of August 27 and 31, 2009, were evidently to satisfy Mr. Minihan's sole liabilities for state taxes and lottery charges. If so, then on February 23, 2010, Mr. Minihan's interest was less than 50 percent (and Ms. Minihan's was greater than 50 percent). By our rough reckoning, about $22,000 of Ms. Minihan's interest may therefore have been included in the funds levied on March 5.
Second, the foregoing assumes that the February 1, 2010, withdrawal of $40,000 was applied to joint *11 expenses, so that it reduced equally the interests of both spouses. However, the record does not actually show the nature of that withdrawal. If it was Mr. Minihan's unilateral withdrawal (or was applied to Mr. Minihan's sole liabilities), then it reduced only his interest in the account. In that event, about $62,000 of Ms. Minihan's interest may have been included in the funds levied on March 5.
Any portion of Ms. Minihan's interest that was taken in February or March 2010 was arguably taken in violation of the stay on collection imposed by section 6015(e)(1)(B)(i). Subsection (B)(ii) gives us "authority to enjoin collection actions", but the Commissioner could not (and, we assume, would not deliberately attempt to) avoid an injunction by making an illegal levy before we exercise our injunctive authority. We therefore assume that we have the power to order the Commissioner to restore to petitioner the funds wrongly taken. Of course, such a restoration would not be contingent on Ms. Minihan's prevailing in her claim for relief under section 6015(f) but would be made simply upon a finding that her funds had been levied in violation of the stay.
Moreover, if the Commissioner is correct *12 that the February and March levies came from Mr. Minihan's share (and if it is correct, as we suppose, that they exhausted his share), then the May 3, 2010, levy of $44,301.09 was taken entirely from Ms. Minihan's interest. Ms. Minihan plainly believed that the May 3 levy was applied to the years for which there were joint liabilities. However, the Commissioner's Exhibit R suggests that in fact this amount was applied to Mr. Minihan's sole liabilities for 2007 and 2008 income tax--years for which the Minihans apparently did not file joint returns. This collection was apparently improper. The Commissioner has admitted (in its motion for summary judgment at 15, para. 57) "petitioner's claim for refund [for the later-levied funds] was the filing of her Innocent Spouse Requests on June 20, 2008", thus explicitly waiving the formalities for refund claims; but we do not see how Ms. Minihan can claim a refund of tax as a non-taxpayer, nor how she can commence a wrongful levy action at this late date; but in any event those causes of action are not before us. What is before us is Ms. Minihan's claim for equitable relief based on, inter alia, economic hardship. If the IRS wrongly levied $44,301.09 *13 that belonged to Ms. Minihan and that she cannot now retrieve, then we will entertain any argument she may make to the effect that the IRS's improper collection activity has aggravated her economic hardship.
The Court emphasizes that the foregoing does not represent any finding of fact or conclusion of law. The foregoing facts are only assumed for purposes of discussion, and the evidence to be presented at trial may prove them radically otherwise. We hope and expect, in fact, that the parties will be able to stipulate these facts in whole or in part. Likewise, we do not yet have the benefit of the parties' views on any of the legal issues implicated here, and we remain open to being informed and corrected by the parties' submissions. However, we intend that this order assist the parties in their preparation for trial.
It is therefore
ORDERED that the Court's second order of February 9, 2012, is vacated, and Ms. Minihan is not required to file a response to the Commissioner's motion for reconsideration.
ORDERED that the Commissioner's motion for reconsideration is granted to the extent that the Court's opinion issued January 11, 2012, is revised as follows (with underlining added here for *14 the parties' information only, and not added in the revised opinion):
• In the carryover paragraph at pages 4-5, the second sentence is revised to begin, "Ms. Minihan alleges that it was not until after * * *"; and the fifth sentence is revised to begin, "However, allegedly unbeknownst to Ms. Minihan * * *".
• The second paragraph starting on page 5 is revised to begin, "Ms. Minihan says she first learned * * *".
• The second sentence (beginning "Nothing in the record suggests") in the first paragraph on page 27 is deleted, along with the accompanying footnote.
• In the first paragraph on page 29, the second sentence is revised to read, "After the IRS levied money from the account in order to satisfy Mr. Minihan's tax debt, any interest Ms. Minihan had in the seized money survived under Massachusetts law"; and the fourth sentence is revised to begin, "Ms. Minihan has established her 50-percent interest in the account, and she is therefore entitled under section 6015(g)(1) to a refund of any of her share of the money the IRS seized from the joint account * * *".
(Signed) David Gustafson
Judge
Dated: Washington, D.C.
February 17, 2012